```
UNITED STATES DISTRICT COURT
   MIDDLE DISTRICT OF TENNESSEE
        NASHVILLE DIVISION
```

PEOPLE FIRST OF TENNESSEE,       )
et al.,                          )
                                 )
        Plaintiffs               )
                                 )      NO. 3:95-1227
v.                               )      Judge Echols/Brown
                                 )
CLOVER BOTTOM DEVELOPMENTAL      )      Consolidated with
CENTER, et al.,                  )      3:96-1056
                                 )
        Defendants               )

## R E P O R T

      The parties in this litigation participated an additional settlement conference at their request with the Magistrate Judge. Two cases were discussed and the Magistrate Judge believes that the parties have reached informal agreements that will hopefully resolve these two issues without the necessity of the parties seeking formal Court rulings on the terms of the settlement agreement. These agreements will not constitute precedent for any additional similar situations.

      The Commissioner and Regional Director have stated their commitment to working with all concerned to make the necessary transitions required by the closure of Clover Bottom work as smoothly and efficiently as possible. Frank dialogue between the parties will go a long way toward resolving the difficult decision faced by all in properly treating and caring for the citizens that are the subject of this litigation. There are no easy or simple solutions in many cases.

It appears that the parties are in general agreement that those citizens who choose ICF/MR will be provided with an ICF/MR replacement option that meets their individual needs (medically fragile and/or behaviorally challenged) within the State and that their choices will not be limited to Green Valley Development Center.

There was an expression of concern that in one incident a party had requested information from the State and the State had not furnished the information to the other parties. The State pointed out that their practice was if they received a request for information from a party in the litigation they would respond to that party, but did not automatically send the information to all parties. They pointed out that if they sent material to the Department of Justice it would not need to be redacted, whereas if they sent it to other parties it might need to be redacted. They pointed out this would be a difficult situation to manage, particularly since often the information would be of no interest to the other parties.

After some discussion of the matter, the Magistrate Judge suggests that the party requesting information that is the subject of this litigation send a copy of their request to the other parties and if the other parties want a copy from the State they may so advise the State. This appears to the Magistrate Judge to be a solution that would prevent unnecessary work and yet avoid

2

some parties not receiving information they thought would be useful.

While the Magistrate Judge stands ready to assist the parties, he certainly encourages them to solve as many as they can on their own.

Respectfully submitted,

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge