UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **PEFFL FIRST OF TENNESSEE,** et al.,  Plaintiffs, v.  **CLOVER BOTTOM DEVELOPMENTAL CENTER, et al.,**  Defendants. | No. 3:95-1227  Judge Echols  (consolidated w/ 3:96-1056) |

**PEOPLE FIRST OF TENNESSEE,** et al.,

Plaintiffs,

v.

**CLOVER BOTTOM DEVELOPMENTAL CENTER, et al.,**

Defendants.

No. 3:95-1227
Judge Echols
(consolidated w/ 3:96-1056)

## ORDER

On Thursday, June 17, 2010, Plaintiff, the United States, filed the United States' Emergent Motion For Leave To File Emergent Motion To Enforce Settlement Agreement And Enjoin The Planned June 22 Transition Of L.S. To GVDC without QRP Review Or Approval (Docket Entry No. 984.) The United States attached to that motion a copy of the United States' Emergent Motion To Enforce Settlement Agreement And Enjoin The Planned June 22 Transition Of L.S. To GVDC Without QRP Review Or Approval (Docket Entry No. 984-2), a supporting memorandum (Docket Entry No. 984-3), the Declaration of N'Zinga Adelona with attachments (Docket Entry No. 984-4), and two proposed Orders (Docket Entry Nos. 984-1 and 984-5.) On Monday, June 21, 2010, the State of Tennessee filed a response, including exhibits and the Declarations of Diane J. Brightwell, Dr. Kuantg Tzu Lin, and Dr. Levi Harris. (Docket Entry Nos. 985, 985-1, 986, 987 & 988.) People First also filed a response (Docket Entry No. 989), as did the Parent-Guardian Associations (Docket Entry No. 990).

1

The Court hereby GRANTS the United States' motion for leave to file. (Docket Entry No. 984.) The Clerk is hereby DIRECTED to file the documents appearing at Docket Entry Nos. 984-1 through 984-5 under separate docket entry numbers.

Due to the time constraints faced by the Court in ruling on the United States' motion, the Court hereby GRANTS a temporary restraining order under Federal Rule of Civil Procedure 65(b). In granting the TRO, the Court has considered and weighed the pertinent factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable harm absent the TRO; (3) whether granting the injunction would cause substantial harm to others; and (4) the public interest. Ohio Republican Party v. Brunner, 543 F.3d 357, 361 (6th Cir. 2008).

The Court concludes that the United States has shown a strong likelihood of success on the merits of the issue whether the State is required to submit a transition plan to the Quality Review Panel before L.S. may be moved from one developmental center to another. More time is needed to consider this issue carefully. Additionally, the United States has shown it and L.S. will suffer irreparable harm if the State is allowed to transfer L.S. to Greene Valley Developmental Center on June 22, 2010, before this issue is resolved. The State will not be overly burdened by the delay brought about by the TRO because the State represented to the Court in May 2010 that it did not intend to close Clover Bottom Developmental Center by the end of June 2010, and therefore, the need for the transfer is not imminent. Finally, the Court has considered the public interest and concludes that this factor also weighs in favor of a TRO so that careful consideration can be given to the issues at hand.

Accordingly, a temporary restraining order is hereby GRANTED restraining the State from transferring L.S. from Clover Bottom Developmental Center to Greene Valley Developmental Center on June 22, 2010, as planned, and until further Order of the Court after the Court has had the opportunity to consider the filings and positions of the parties. This Order is binding on the parties, the parties' officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with anyone just described.

The Court may set a hearing on the United States' motion in a separate Order.

It is so ORDERED.

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

June 21, 2010 @ 5:57 pm.
Date/Time