UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **PEOPLE FIRST OF TENNESSEE, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:95-1227 |
| | ) | (cons. w/ 3:96-1056) |
| | ) | JUDGE SHARP |
| **CLOVER BOTTOM DEVELOPMENTAL** | ) | |
| **CENTER, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

_____

"""""""""""""""""""""""""""""""""""""""""""""""""""**AGREED ORDER**
_____

Pursuant to the Court's Order dated May 7, 2014 (Dkt. No. 1101, the plaintiffs People First of Tennessee ("People First") and the United States of America (the "United States"), the intervenors Parent Guardian Association of Clover Bottom Developmental Center and Parent Guardian Association of Greene Valley Developmental Center (collectively the "PGA"), and the defendants State of Tennessee, et al., (collectively the "State") (People First, the United States, the PGA and the State shall collectively be referred to herein as the "Parties"), engaged in extensive discussions in a mediation conducted over several months with Magistrate Judge Juliet Griffin, and as a result have agreed upon objective and measurable exit criteria for the dismissal of this action. These criteria are set forth in the Exit Plan attached as Exhibit A to this Order, but not incorporated as an Order of the Court. Based on the resolution of the mediation and the presentation of these Parties, IT IS, ORDERED, ADJUDGED AND DECREED that:

1

**Exit Plan**

1.      The State has agreed to undertake the obligations set forth in the attached, unincorporated Exit Plan in exchange for the dismissal of the case and the vacatur of all outstanding injunctive relief as provided in Paragraphs 2, 3, 8, 9, 13, 15, 17, 18, 22, and 24 below.  The objective of the Exit Plan is to resolve the above-captioned action (the "CBDC Litigation") by completing all material provisions of the Exit Plan in two phases:  first, Sections II-IX by December 31, 2015; and, second, the completion of Section X by June 30, 2016.  The existing orders, except as amended by this Agreed Order and/or subsequent Orders, shall remain in effect until final dismissal with prejudice.

2.      Upon the State completing all material provisions of Sections II-IX of the Exit Plan by December 31, 2015, or earlier or later, the Court shall enter an order vacating all outstanding injunctive relief in the CBDC Litigation except that relief that applies to Greene Valley Developmental Center (the injunctive relief that remains in effect subsequent to the order entered upon completion of Sections II-IX of the Exit Plan shall be referred to as the "GVDC Injunctive Relief"), and dismissing the CBDC Litigation with prejudice and in all respects except as to any then existing orders relating to the provision of services to class members while residing in GVDC.

3.      Upon the State completing all material provisions of Section X of the Exit Plan by June 30, 2016, or earlier or later, the Court shall vacate the GVDC Injunctive Relief and finally and fully dismiss the CBDC Litigation with prejudice in all respects.

**Compliance Conferences**

4.      During the performance of the Exit Plan, the Parties shall have reasonable access to requested information and documents regarding compliance with the Exit Plan without the

necessity of formal discovery.

5. Beginning in March 2015, the Parties will meet monthly and in person, unless the Parties agree to meet telephonically or to forego a monthly meeting, with Magistrate Judge Griffin or a successor Magistrate Judge (the "Magistrate Judge") to conduct Compliance Conferences. The Parties will seek to resolve any issues of compliance with the Exit Plan, if any, during these conferences. This Order shall serve as a standing Order of Reference permitting the Magistrate Judge to address issues of compliance with the Exit Plan as provided herein.

6. During implementation of the Exit Plan, except by operation of Paragraph 16 (a) or 26(a) below and any motions for attorneys' fees, no Party shall seek a finding of contempt or file a motion seeking any other relief from the Court, *except that*, any Party may seek relief if the Party believes in good faith that there exists an imminent risk of serious harm to a class member that is not being addressed appropriately.

7. During implementation of the Exit Plan, at the request of a Party or on the Court's own motion, the Magistrate Judge may issue Reports and Recommendations to the District Court pursuant to Federal Rule of Civil Procedure ("Rule") 72 finding that the State has completed any or all material provisions of Sections II through X of the Exit Plan. Pursuant to Rule 72, if any Party objects to the Report and Recommendation, that Party must file an objection to the Report and Recommendation within 14 days of issuance of the Report and Recommendation. If no such objection is filed, the findings in the Report and Recommendation shall be final and binding on all Parties, and no Party may raise any further issues with respect to the material provision(s) with which the Report and Recommendation found the State to be in material compliance. Pursuant to Rule 72, the District Court shall review *de novo* any filed objection. The Party

which filed the objection shall have the burden of proof on all factual issues implicated by the objection, and the Federal Rules of Evidence shall govern any hearing conducted on the objection.

**<u>Compliance with Sections II-IX of the Exit Plan</u>**

8. If (i) the Parties agree that the State has completed all material provisions of Sections II-IX of the Exit Plan, or (ii) the Magistrate Judge has issued Report(s) and Recommendation(s) finding that the State has complied with all material provisions of Sections II-IX of the Exit Plan, and no Party has timely objected, the Parties shall submit to the Court a proposed Order, which the Court shall enter (1) vacating all outstanding injunctive relief in the CBDC Litigation except that relief that applies to Greene Valley Developmental Center; and, (2) dismissing the CBDC Litigation with prejudice and in all respects except as to any existing orders relating to the provision of services to class members while residing in GVDC.

9. If the Magistrate Judge has issued Report(s) and Recommendation(s) finding that the State has complied with all material provisions of Sections II-IX of the Exit Plan, and any timely objection has been overruled by the District Court, the State shall submit to the Court a proposed Order, which the Court shall enter (1) vacating all outstanding injunctive relief in the CBDC Litigation except that relief that applies to Greene Valley Developmental Center; and, (2) dismissing the CBDC Litigation with prejudice and in all respects except as to any existing orders relating to the provision of services to class members while residing in GVDC.

10. If the State determines that it has not completed or will not complete one or more material provisions of Sections II-IX of the Exit Plan by December 31, 2015, the State shall be entitled to extension(s) of the term of the Exit Plan of no more than six months for any single extension, not to exceed one year without the consent of the Parties, to permit the State to

complete the remaining material provisions of Sections II-IX of the Exit Plan.

11. If the Parties agree that the State has not completed all material provisions of Sections II-IX of the Exit Plan by December 31, 2015, the Parties may, but are not required to, agree to a proposed Order of conditional dismissal pursuant to Rule 41(a)(2).

12. If the Parties disagree on whether the State has completed all remaining material provisions of Sections II through IX of the Exit Plan by the end of the term for Sections II-IX of the Exit Plan, and that disagreement cannot be resolved by mediation with the Magistrate Judge, the State shall present to the Magistrate Judge its basis for its position that the State has completed all remaining material provisions Sections II through IX of the Exit Plan. The Magistrate Judge may consider this information along with the record of information discussed throughout monthly Compliance Conferences. The Magistrate Judge will then issue a Report and Recommendation, subject to Rule 72, with findings as to whether the State has completed the remaining material provisions of Sections II through IX of the Exit Plan.

13. Except as provided in Paragraph 14, if any Party objects to the Report and Recommendation issued pursuant to Paragraph 12, that Party must file an objection to the Report and Recommendation within 14 days of issuance of the Report and Recommendation. If no such objection is filed, the findings in the Report and Recommendation shall be final and binding on all Parties, no Party may raise any further issues with respect to the material provision(s) with which the Report and Recommendation found the State to be in material compliance, and the Parties shall submit to the Court a consent motion and a proposed Order, which the Court shall enter (1) vacating all outstanding injunctive relief in the CBDC Litigation except that relief that applies to Greene Valley Developmental Center; and, (2) dismissing the CBDC Litigation with prejudice and in all respects except as to any existing orders relating to the provision of services

to class members while residing in GVDC. Pursuant to Rule 72, the District Court shall review any filed objection *de novo*. The Party which filed the objection shall have the burden of proof on all factual issues implicated by the objection, and the Federal Rules of Evidence shall govern any hearing conducted on the objection.

14. If the Magistrate Judge issues a Report and Recommendation pursuant to Paragraph 12 finding that the State has not completed one or more material provisions of Sections II through IX of the Exit Plan, the State shall be entitled, at its option and in lieu of an objection to the Report and Recommendation, to extension(s) of the term of these sections of the Exit Plan of no more than six months for any single extension, not to exceed one year without the consent of the Parties, to permit the State to complete the material provision(s) of Sections II through IX of the Exit Plan that the Magistrate Judge has found not to be completed. If the State elects to extend the term of these sections of the Exit Plan pursuant to this Paragraph, the procedures set forth in Paragraphs 8-12 shall govern after the State informs the Parties that it believes that it has completed the material provision(s) of Sections II through IX of the Exit Plan that the Magistrate Judge had previously found not to be completed.

15. If a Party has objected to a Report and Recommendation issued pursuant to Paragraph 12, and this Court, after its review, finds that the State has completed the material provision(s) of Sections II through IX of the Exit Plan identified in the objection, then this Court shall enter an Order (1) vacating all outstanding injunctive relief in the CBDC Litigation except that relief that applies to Greene Valley Developmental Center; and, (2) dismissing the CBDC Litigation with prejudice and in all respects except as to any existing orders relating to the provision of services to class members while residing in GVDC.

16. If a Party has objected to a Report and Recommendation issued pursuant to

Paragraph 12, and this Court, after its review, finds that the State has not completed one or more material provisions of Sections II through IX of the Exit Plan, then the Court may:

    a.    make findings regarding the State's compliance or non-compliance with the material provisions of Sections II through IX of the Exit Plan identified in the objection and enter an Order granting an extensions of the term of the Exit Plan of no more than six months for any single extension, and directing the State to complete the material provision(s) of Sections II though IX of the Exit Plan the Court has found that the State has not completed; and/or

    b.    enter an Order of conditional dismissal pursuant to Rule 41(a)(2).

**Compliance with Sections X of the Exit Plan**

17.    If (i) the Parties agree that the State has completed all material provisions of Section X of the Exit Plan, or (ii) the Magistrate Judge has issued Report(s) and Recommendation(s) finding that the State has complied with all material provisions of Section X of the Exit Plan, and no Party has timely objected, the Parties shall submit to the Court a proposed Order vacating all remaining Injunctive Relief and dismissing the case with prejudice, which the Court shall enter.

18.    If the Magistrate Judge has issued Report(s) and Recommendation(s) finding that the State has complied with all material provisions of Section X of the Exit Plan, and any timely objection has been overruled by the District Court, the State shall submit to the Court a proposed Order vacating all remaining outstanding injunctive relief and dismissing the case with prejudice, which the Court shall enter.

19.    If the State determines that it has not completed or will not complete one or more material provisions of Section X of the Exit Plan by June 30, 2016, the State shall be entitled to extension(s) of the term of the Exit Plan of no more than six months for any single extension, not

to exceed one year without the consent of the Parties, to permit the State to complete the remaining material provisions of the Exit Plan.

20. If the Parties agree that the State has not completed all material provisions of Section X of the Exit Plan by June 30, 2016, the Parties may, but are not required to, agree to a proposed Order of conditional dismissal pursuant to Rule 41(a)(2).

21. If the Parties disagree on whether the State has completed all remaining material provisions of Section X of the Exit Plan by the end of the term for Section X of the Exit Plan, and that disagreement cannot be resolved by mediation with the Magistrate Judge, the State shall present to the Magistrate Judge its basis for its position that the State has completed all remaining material provisions of Section X of the Exit Plan. The Magistrate Judge may consider this information along with the record of information discussed throughout monthly Compliance Conferences. The Magistrate Judge will then issue a Report and Recommendation, subject to Rule 72, with findings as to whether the State has completed the remaining material provisions of Section X of the Exit Plan.

22. Except as provided in Paragraph 23, if any Party objects to the Report and Recommendation issued pursuant to Paragraph 21, that Party must file an objection to the Report and Recommendation within 14 days of issuance of the Report and Recommendation. If no such objection is filed, the findings in the Report and Recommendation shall be final and binding on all Parties, no Party may raise any further issues with respect to the material provision(s) of Section X with which the Report and Recommendation found the State to be in material compliance, and the Parties shall submit to the Court a consent motion and a proposed Order vacating all remaining outstanding injunctive relief and dismissing the case with prejudice, which the Court shall enter. Pursuant to Rule 72, the District Court shall review any filed

objection *de novo*. The Party which filed the objection shall have the burden of proof on all factual issues implicated by the objection, and the Federal Rules of Evidence shall govern any hearing conducted on the objection.

23. If the Magistrate Judge issues a Report and Recommendation pursuant to Paragraph 21 finding that the State has not completed one or more material provisions of Section X of the Exit Plan, the State shall be entitled, at its option and in lieu of an objection to the Report and Recommendation, to extension(s) of the term of Section X of the Exit Plan of no more than six months for any single extension, not to exceed one year without the consent of the Parties, to permit the State to complete the material provision(s) of Section X of the Exit Plan that the Magistrate Judge has found not to be completed. If the State elects to extend the Exit Plan pursuant to this Paragraph, the procedures set forth in Paragraphs 17-21 shall govern after the State informs the Parties that it believes that it has completed the material provision(s) of Section X of the Exit Plan that the Magistrate Judge had previously found not to be completed.

24. If a Party has objected to a Report and Recommendation issued pursuant to Paragraph 21, and this Court, after its review, finds that the State has completed the material provision(s) Section X of the Exit Plan identified in the objection, then this Court shall vacate all remaining outstanding injunctive relief and dismiss the case with prejudice.

25. If a Party has objected to a Report and Recommendation issued pursuant to Paragraph 21, and this Court, after its review, finds that the State has not completed one or more material provisions of Section X of the Exit Plan, then the Court may:

a. make findings regarding the State's compliance or non-compliance with the material provisions of Section X of the Exit Plan identified in the objection and enter an Order granting an extensions of the term of the Exit Plan of no more than six months for any single

extension, and directing the State to complete the material provision(s) of Section X of the Exit Plan the Court has found that the State has not completed; and/or

     b.     enter an Order of conditional dismissal pursuant to Rule 41(a)(2).

     26.     If the State informs the Court and the Parties that it cannot perform its obligations under the Exit Plan, the Court may vacate this Order.

**<u>Monitoring</u>**

     27.     In lieu of the duties and responsibilities for monitoring set forth in the Settlement Agreement, which was conditionally approved by this Court's Order dated July 3, 1997 and accompanying Memorandum and modified by Agreed Order dated September 13, 1999 (hereinafter the "Settlement Agreement"), and any subsequent orders of the Court, all of which are hereby vacated, hereinafter the QRP's duties and responsibilities for monitoring are only those specifically set forth below, in subparagraphs (a)-(i) of this paragraph. Moreover, the composition of the QRP immediately shall hereinafter consist solely of Jaylon Fincannon, who is the Chair of the QRP (the "QRP Chair"), and Nicole Arsenault.

     a.     By June 30, 2015, the QRP shall conduct annual on-site reviews of the following community providers: Scott Appalachian Industries (East) ("SAI") and Tennessee Family Solutions (Middle - Waiver) ("TFS") (collectively the "Providers"). The QRP may contract with a nurse for up to but no more than four (4) days to assist with the review of TFS. The QRP may contract with a person with expertise in physical and nutritional management services for up to but no more than three (3) days to assist with the review of SAI. The QRP shall issue a report for each of the Providers by no later than June 30, 2015, based on a 2015 on-site review, but this report shall not score the Providers in the domains of either Individual Support Planning or Achieving ISP Outcomes. The QRP shall conduct no reviews of community providers that are

not listed herein in 2015, and shall conduct no other community provider reviews after June 30, 2015.

      b.      For the class members residing at CBDC on the date of the entry of this Order, the QRP Chair shall review the ISTP submitted to it by the State of Tennessee as part of the transition process. Subsequent to the date on which the ISTP is delivered by the State to the QRP Chair (the "Submission Date"), the QRP Chair shall review the ISTP and any supporting documents submitted therewith, and consider any discussions with the regional transition office, in order to determine whether there are any major deficiencies with the placement. Within twenty (20) calendar days of the Submission Date (the "Identification of Major Deficiencies Date"), the QRP Chair shall communicate to the State any major deficiencies with the placement. At its sole discretion, the QRP Chair may extend the Identification of Major Deficiencies Date by one, seven (7) calendar day period, or with the written agreement of the State the date may be extended for a period greater than seven (7) days. For purposes of this provision and subparagraph (c) that follows, the phrase "major deficiency" shall mean only those deficiencies specifically relevant to the safe and orderly transition of the person to the community that are not already addressed within the ISTP (for which implementation is pending), and which are reasonably anticipated to impede the person's ability to safely transition to the community or which present an imminent and serious risk to the ongoing health and safety of the persons supported in the community. The proposed transition shall not occur until the State corrects any major deficiency identified by the QRP Chair, which requirement shall be satisfied upon the submission of a certification by the State to the QRP Chair that each major deficiency has been corrected, along with an explanation of how each has been corrected.

      c.      For the class members who transition out of GVDC to other placements following

the entry of this Order (the "GVDC Residents"), the QRP Chair shall review the ISTP submitted to it by the State of Tennessee as part of the transition process of these individuals. The QRP Chair shall review the ISTP and any supporting documents submitted therewith for the GVDC Residents, and consider any discussions with the regional transition office, in order to determine whether there are any major deficiencies with the placement. The QRP Chair may retain a nurse for up to but no more than eight (8) hours to assist in the review of the ISTP when the QRP Chair determines, within the exercise of sound and reasonable professional judgment, that he needs assistance to review particular medical issues for a transitioning class member. The QRP Chair may retain a specialist in the provision of behavioral services for up to but no more than eight (8) hours to assist in the review of the ISTP when the QRP Chair determines, within the exercise of sound and reasonable professional judgment, that he needs assistance to review particular behavioral issues for a transitioning class member. In instances where the QRP Chair determines he needs to retain either type of consultant, he will provide notice of that determination to the State in advance of retaining the consultant and in the event the State objects to the use of the consultant and a resolution is not reached with the QRP Chair, the State may lodge an objection with the Magistrate whose ruling in this regard shall be final. Within twenty (20) calendar days of the Submission Date, the QRP Chair shall communicate to the State any major deficiencies with the placement. At its sole discretion, the QRP Chair may extend the Identification of Major Deficiencies Date by one, seven (7) calendar day period, or with the written agreement of the State the date may be extended for a period greater than seven (7) days. The proposed transition of the GVDC Residents shall not occur until the State corrects any major deficiency identified by the QRP Chair, which requirement shall be satisfied upon the submission of a certification by the State to the QRP Chair that each major deficiency has been

corrected, along with an explanation of how each has been corrected.

    d.    While class members reside at GVDC, the QRP shall conduct annual reviews of GVDC relative only to the provision of appropriate medical and clinical services and only as those services that are particularly described in Exhibit B to this Order. The QRP review of GVDC shall be limited to only those activities described in Exhibit B. When there are no class members residing at GVDC, the QRP shall cease all activities relative to GVDC.

    e.    In the event that there are any class members residing at CBDC on or after October 13, 2015, the QRP shall conduct an annual review of CBDC relative to Sections IV, V, VI, VII and IX of the Settlement Agreement. In conducting this review, the QRP shall use no more than three consultants in addition to the two members of the QRP, and be on site at CBDC for no more than 3.5 days (28 hours). The QRP shall only conduct a review of CBDC if there are class members residing at CBDC as of October 13, 2015.

    f.    In regard to any communication any member of, or person working or consulting for, the QRP receives from a class member, class member's family, provider, advocate, or any other person regarding the litigation or services provided by DIDD, aside from communications relative to the community status reviews described in subparagraph (a), GVDC status reviews described in subparagraph (d), and or the transition of class members from CBDC and/or GVDC as described in subparagraphs (b) and (c), the QRP's sole responsibility shall be to direct the person to call DIDD (the State shall provide the specific position and number of the person to be contacted), and to report the call to Parties' counsel in those instances he/she believes it is appropriate to do so;

    g.    The QRP Chair shall be available to speak to counsel for the parties and/or the Court;

h. The QRP Chair shall perform transition activities associated with the winding down of active monitoring;

i. The members of the QRP shall be available, as directed by the Court, to attend District Court hearings (including mediation sessions or hearings conducted by the Magistrate Judge);

j. Aside from the activities specifically listed above in subparts (a)-(i), the QRP is to undertake reviews, issue other reports, and/or engage in other activities only in the event it is directed to do so by a specific Order of this Court entered subsequent to the entry of the instant Order;

28. The QRP's budget for providing the services set forth and described in paragraph 27 shall in no event exceed the following:

   a) for all services rendered from February 1, 2015 through June 30, 2015, including the use of any consultants except those described below in subparagraph 28(c), the budget shall not exceed $219,755.72, plus any reasonable and necessary travel expenses incurred in connection with court hearings, the community provider reviews and/or the review of GVDC;

   b) for all services rendered from July 1, 2015 through June 30, 2016, including the use of any consultants except those described below in subparagraph 28(c), the budget shall not exceed $298,990.00, plus any reasonable and necessary travel expenses incurred in connection with court hearings, the review of CBDC, if it proves necessary, and/or GVDC. If the CBDC review is made unnecessary pursuant to subparagraph 27(e), the budget for this period shall not exceed $241,990.49;

   c) consistent with subparagraph 27(c), the QRP Chair may retain a nurse or a specialist in the provision of behavioral services for up to eight (8) hours to assist in the review of an ISTP when the QRP Chair determines, within the exercise of his sound reasonable professional judgment and with notice to the State, that he needs assistance to review particular medical or behavioral issues for a transitioning resident of GVDC. The QRP shall be reimbursed for the reasonable and necessary use of such consultative services, up to and not in excess of eight (8) hours for any single transition and at a rate not to exceed $175/hour.

   d) The QRP shall not submit to the State, and the State shall not be required to pay,

any invoice to the extent it seeks payment for work performed or expenses incurred through June 30, 2016, in excess of the budget described in subparagraphs 28(a)-28(c), and the QRP shall not be entitled to retain any funds in excess of its actual expenses for the periods described or any other period. In the event that all class members have not transitioned from GVDC by June 30, 2016, the State and the QRP Chair will meet to develop a budget for the period beginning on July 1, 2016, for the following activities to the degree they remain applicable: review of ISTPs pursuant to subparagraph 27(b); the annual review of GVDC pursuant to subparagraph 27(c); to attend hearings pursuant to subparagraph 27(i); and/or, to undertake any additional activities so directed by the Court, if any, pursuant to subparagraph 27(j). The QRP will maintain accurate and detailed records regarding all expenditures it makes during the periods described above, and in the event that the QRP believes at any point that its expenditures will exceed the budget set forth above, it will immediately notify the parties, and provide a detailed request with supporting documentation for additional funds ("Additional Funds") for the applicable period. The QRP shall provide to the State or the Court, in a reasonable time period upon request, records supporting the expenditure or use of funds during the applicable periods. The State shall have no obligation to pay Additional Funds except upon its written agreement to do so, or upon Court Order.

**Other Issues**

29. Section V.B.10 of the Settlement Agreement is hereby vacated, and therefore Defendants are no longer required to hold a bed in a developmental center for any class member transitioning from GVDC or any other developmental center.

30. Notice of the hearing to approve this Order (the "Notice") was published on _____ in the Tennessean, the Chattanooga Times Free Press, the Knoxville News Sentinel, and the Memphis Daily News, and on or before that date on the DIDD website. The form of the Notice was approved by Magistrate Judge Griffin.

IT IS SO ORDERED THIS 29th Day of January, 2015

IT IS SO ORDERED.

                                              */s/ Kevin H. Sharp*
                                              KEVIN H. SHARP
                                              UNITED STATES DISTRICT COURT